IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,383







JOHN ALLEN RUBIO, Appellant


v.


THE STATE OF TEXAS







ON MOTION FOR REHEARING FROM CAUSE NO. 03-CR-457-B


IN THE 138TH DISTRICT COURT


OF CAMERON COUNTY






 Per Curiam. 



O R D E R



 This case is before us on a motion for rehearing. Appellant was convicted in
November 2003 of capital murder related to the killings of his three children. Based on the
jury's answers to the special issues set forth in Texas Code of Criminal Procedure article
37.071, the trial judge sentenced appellant to death. This Court reversed appellant's
conviction and sentence on direct appeal. Rubio v. State, 241 S.W.3d 1 (Tex. Crim. App.
2007). Upon retrial, appellant was again convicted of capital murder and sentenced to death
on August 2, 2010. 

 Just a few days after appellant was convicted and sentenced to death on retrial, the
trial court appointed William L. Hubbard to represent appellant on direct appeal, and it
appointed David A. Schulman to represent applicant in a post-conviction writ of habeas
corpus under Article 11.071. Hubbard filed a brief on direct appeal and appeared at oral
argument. This Court subsequently issued an opinion affirming the trial court's judgment
and sentence of death. Rubio v. State, No. AP-76,383 (Tex. Crim. App. Oct. 10, 2012)(not
designated for publication).

 On the last day it would have been timely to file a motion for rehearing, Schulman and
John G. Jasuta filed an appearance of counsel stating that "they have agreed to be co-counsel
for Appellant during the remainder of the direct appeal process." They also filed a Motion
for Rehearing. The Motion for Rehearing states that it is submitted by Hubbard, Jasuta, and
Schulman; however, only Schulman signed the document.

 Rule 10 adopted by the presiding judges of the administrative regions for the
appointment of Article 11.071 counsel states that the convicting court may not appoint as
habeas counsel an attorney who represented appellant at trial or on direct appeal unless the
defendant and the attorney request the appointment on the record, and the convicting court
finds good cause to make the appointment. See Texas Government Code § 78.056. 
Although this scenario is somewhat backwards from the initial appointment scenario, it
appears that no request by appellant or good cause showing from the trial court is in this
record. See also Texas Code of Criminal Procedure article 26.052(k) (stating a similar
prohibition against serving as both trial and direct appeal counsel.) 

 Therefore, within thirty days of the date of this order, appellant's direct appeal counsel
Hubbard and appellant's habeas counsel Schulman shall respond as to (1) why they believe
a motion for rehearing on the direct appeal filed by and signed only by habeas counsel is
properly before this Court, and (2) why it is not a violation of Rule 10 adopted by the
presiding judges of the administrative regions. The trial court is also invited to respond. 

 IT IS SO ORDERED THIS THE 12th DAY OF DECEMBER, 2012.


Do Not Publish